■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v DEMETRES SPANOS et al., Defendants, and ISADORA SIDROULA SPANOS, Appellant. [961 NYS2d 200]—

In an action to foreclose a mortgage, the defendant Isadora Sidroula Spanos appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated August 29, 2011, which granted the plaintiff's application, in effect, to compel her to accept its reply to her counterclaim, and granted the plaintiff's motion for summary judgment dismissing her affirmative defenses and counterclaims, and denied her cross motion, inter alia, for leave to enter judgment against the plaintiff on its default in replying to her counterclaims and for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the plaintiff's application, in effect, to compel the defendant Isadora Sidroula Spanos to accept its reply to her counterclaim is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment dismissing the second and third affirmative defenses asserted by the defendant Isadora Sidroula Spanos, and substituting therefor a provision denying those branches of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment dismissing the second affirmative defense asserted by the defendant Isadora Sidroula Spanos (hereinafter the appellant). In her second affirmative defense, the appellant alleged, inter alia, that the plaintiff failed to comply with the mortgage foreclosure notice requirements mandated by RPAPL 1304. RPAPL 1304 provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type" (RPAPL 1304 [1]). RPAPL 1304 sets forth the requirements for the content of such notice (see RPAPL 1304 [1]), and further provides that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304 [2]).

RPAPL 1304 currently applies to any "home loan," as defined in RPAPL 1304 (5) (a). When the statute was first enacted, it applied only to "high-cost," "subprime," and "non-traditional" home loans (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 104 [2011], citing L 2008, ch 472, § 2). In 2009, the Legislature amended the statute, "effective January 14, 2010, to take its current form, by deleting all references to high-cost, subprime, and non-traditional home loans" (Aurora Loan Servs., LLC, 85 AD3d at 105, citing L 2009, ch 507, § 1-a). Since the instant action was commenced on March 26, 2010, the 90-day notice requirement set forth in the statute is applicable.

"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC, 85 AD3d at 106). Here, the plaintiff failed to submit an affidavit of service evincing that it properly served the appellant pursuant to RPAPL 1304 (see id.). Thus, it failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law in connection with this affirmative defense (see Aurora Loan Servs., LLC, 85 AD3d at 106). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion

which was for summary judgment dismissing the second affirmative defense alleging that the plaintiff failed to comply with RPAPL 1304 without regard to the sufficiency of the appellant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the appellant's contention that the Supreme Court should have granted that branch of her cross motion which was for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's failure to comply with the notice requirements set forth in RPAPL 1304 is without merit. The appellant failed to meet her burden of establishing, prima facie, that the plaintiff did not properly serve her with notice pursuant to RPAPL 1304. In support of her cross motion, the appellant's counsel merely argued that the plaintiff failed to submit any proof that such notice was served. However, as the moving party, the appellant needed to affirmatively demonstrate that the pre-condition was not satisfied. Indeed, "[a] party does not carry its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively demonstrate the merit of its claim or defense" (*Velasquez v Gomez*, 44 AD3d 649, 650-651 [2007], quoting *George Larkin Trucking Co. v Lisbon Tire Mart*, 185 AD2d 614, 615 [1992]; *see Fields v Village of Sag Harbor*, 92 AD3d 718 [2012]; *Calderone v Town of Cortlandt*, 15 AD3d 602 [2005]). The plaintiff alleged in the complaint that it complied with the provision of RPAPL 1304. Having failed to submit evidence which disproved this allegation, the appellant failed to satisfy her initial burden on this branch of her cross motion.

The Supreme Court also erred in granting that branch of the plaintiff's motion which was for summary judgment dismissing the appellant's third affirmative defense alleging that the plaintiff lacked standing to commence this action. In a mortgage foreclosure action, "[a] plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced" (*HSBC Bank USA v Hernandez*, 92 AD3d 843, 843 [2012]; *see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]; *Countrywide Home Loans, Inc. v Gress*, 68 AD3d 709, 709 [2009]). A mortgage " 'is merely security for a debt or other obligation and cannot exist independently of the debt or obligation' " (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011], quoting *FGB Realty Advisors v Parisi*, 265 AD2d 297, 298 [1999]; *see Weaver Hardware Co. v Solomovitz*, 235 NY 321, 331-332 [1923]). Consequently, where a note is transferred, a mortgage securing the debt passes as an incident to the note. By contrast, an assignment of a

mortgage without assignment of the underlying note or bond is a nullity (*see Merritt v Bartholick*, 36 NY 44, 45 [1867]; *Bank of N.Y. v Silverberg*, 86 AD3d at 280; *LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911 [2009]). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation' " (*HSBC Bank USA v Hernandez*, 92 AD3d at 844, quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Bank of N.Y. v Silverberg*, 86 AD3d at 281).

Here, the plaintiff failed to establish, prima facie, that it had standing to commence the action. Contrary to the plaintiff's contention, the evidence it submitted did not demonstrate that the adjustable rate note executed by the defendant Demetres Spanos was physically delivered to it prior to the commencement of the action, or that it was the assignee of the note by execution of a written assignment prior to the commencement of the action. Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the appellant's third affirmative defense alleging that the plaintiff lacked standing without regard to the sufficiency of the appellant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). However, since, as the appellant concedes, questions of fact exist in this regard, the appellant was not entitled to summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff lacked standing.

The appellant's remaining contentions either have been rendered academic in light of our determination or are without merit. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.