US Bank N.A. v Lawson (2019 NY Slip Op 02140)





US Bank N.A. v Lawson


2019 NY Slip Op 02140


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-05997 
2016-11382
 (Index No. 25577/10)

[*1]US Bank National Association, etc., respondent,
v
Germaine Lawson, etc., appellant, et al., defendants.


Queens Legal Services, Jamaica, NY (Stacey Woods of counsel), for appellant.
Gross Polowy, LLC (Reed Smith, LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Germaine Lawson appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated January 8, 2016, and (2) an order of the same court dated September 12, 2016. The order dated January 8, 2016, insofar as appealed from, denied the defendant Germaine Lawson's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him. The order dated September 12, 2016, insofar as appealed from, denied that branch of that defendant's cross motion which was for leave to renew his prior cross motion, in effect, for summary judgment.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In October 2010, the plaintiff commenced this action against the defendant Germaine Lawson (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Queens. The defendant, proceeding pro se, served an answer in which he asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304. After the case was released from the Residential Foreclosure Part, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's affirmative defenses, and for an order of reference. The defendant cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304. In a decision dated February 11, 2014, the Supreme Court found, among other things, that, pursuant to RPAPL 1304(3), the 90-day notice requirement under RPAPL 1304 ceased to apply in the instant matter when the defendant applied for a loan modification during the foreclosure settlement process. In an order dated January 8, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.
Thereafter, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, for leave to renew his opposition to the plaintiff's motion for [*2]summary judgment and his prior cross motion, in effect, for summary judgment. By order dated September 12, 2016, the Supreme Court denied the plaintiff's motion on the ground that it failed to timely seek leave to settle the January 8, 2016, order, and, sua sponte, vacated so much of the order dated January 8, 2016, as granted those branches of the plaintiff's motion which were for summary judgment and to strike the defendant's affirmative defenses. The court denied as academic that branch of the defendant's cross motion which was for leave to renew his opposition to the plaintiff's motion for summary judgment. In addition, the court denied that branch of the defendant's cross motion which was for leave to renew his prior cross motion. The defendant appeals from so much of the order dated January 8, 2016, as denied his cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him, and from so much of the order dated September 12, 2016, as denied that branch of his cross motion which was for leave to renew his prior cross motion.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Deutsche Bank National Trust Co. v Spanos, 102 AD3d 909, 910).
Contrary to the Supreme Court's determination, the plaintiff was not excused from the requirement that it send notice to the defendant pursuant to RPAPL 1304 because the defendant applied for a loan modification. When the instant action was commenced, RPAPL 1304(3) provided: "The ninety day period specified in the notice contained in [RPAPL 1304(1)] shall not apply, or shall cease to apply, if the borrower has filed an application for the adjustment of debts of the borrower or an order for relief from the payment of debts, or if the borrower no longer occupies the residence as the borrower's principal dwelling" (see L 2008, ch 472, § 2, eff Sept. 1, 2008). As the defendant correctly contends, a loan modification was not an adjustment of debts within the meaning of the version of RPAPL 1304(3) then in effect and, in any event, a lender was relieved only from the requirement to provide notice within the "ninety day period" (RPAPL 1304[3]), not from the requirement to provide the notice specified in RPAPL 1304(1).
Nevertheless, we agree with the Supreme Court's denial of the defendant's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with RPAPL 1304. In support of his cross motion, the defendant relied on, among other things, his own affidavit in which he averred that he did not "recall" receiving a notice pursuant to RPAPL 1304 and did not "recall" receiving any notices "regarding certified or registered mail." The defendant failed to meet his burden, as the moving party, to affirmatively demonstrate that the precondition was not satisfied (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 911).
We also agree with the Supreme Court's denial of that branch of the defendant's cross motion which was for leave to renew his prior cross motion. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Here, the defendant offered nothing more than the evidence he submitted in support of his initial cross motion and, contrary to his contentions, failed to demonstrate that there was a change in the law that would change the prior determination.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court