Marchai Props., L.P. v Fu (2019 NY Slip Op 02511)





Marchai Props., L.P. v Fu


2019 NY Slip Op 02511


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-00299
 (Index No. 31684/13)

[*1]Marchai Properties, L.P., respondent, 
v
Vivian Y. Fu, appellant, et al., defendants.


Legal Aid Society of Rockland County, Inc., New City, NY (Derek S. Tarson of counsel), for appellant.
Knuckles Komosinski & Manfro LLP, Elmsford, NY (Gregg L. Verrilli, John E. Brigandi, and Evelyn Flores of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vivian Y. Fu appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Rockland County (David S. Zuckerman, J.), dated November 16, 2017. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated May 25, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's amended answer and affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff, and upon the referee's oath and computation, granted those branches of the plaintiff's separate motion which were to confirm the report of the referee and for a judgment of foreclosure and sale, and directed the sale of the premises.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Vivian Y. Fu, to strike that defendant's amended answer and affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff, and those branches of the plaintiff's separate motion which were to confirm the report of the referee and for a judgment of foreclosure and sale, are denied, and the order dated May 25, 2016, is modified accordingly.
On September 27, 2005, the defendant Vivian F. Yu (hereinafter the defendant) purchased the subject residential property, assuming the obligations under the note and mortgage that encumbered it at the time (hereinafter, respectively, note #1 and mortgage #1), in the principal amount of $384,800, and executing an additional promissory note, secured by a second mortgage on the property (hereinafter, respectively, note #2 and mortgage #2), in the principal amount of $42,438.23, delivered to American Home Mortgage (hereinafter American Home). On the same day, the defendant also executed and delivered to American Home a consolidated note in the amount of $424,000 (hereinafter the consolidated note), consolidating note #1 and note #2, and a consolidation, extension, and modification agreement (hereinafter the CEMA), consolidating mortgage #1 and mortgage #2.
The defendant defaulted on the loan by failing to make the monthly payment due September 1, 2011, and all payments due thereafter. In March 2013, the consolidated note and the [*2]consolidated mortgage and the CEMA were assigned to MNH Sub I, LLC (hereinafter MNH), and, in November 2013, MNH commenced this foreclosure action. In November 2014, the foreclosure action was consolidated with an earlier action commenced by MNH to vacate a satisfaction of mortgage #1, which allegedly had been inadvertently executed in December 2005, shortly after mortgages #1 and #2 were consolidated. In her answer to the earlier action, and amended answer to this consolidated action, the defendant raised affirmative defenses that included lack of standing and failure to comply with RPAPL 1304 notice requirements.
In January 2015, MNH assigned the consolidated note, the consolidated mortgage, and the CEMA to Marchai Properties, L.P. (hereinafter the respondent). In March 2016, MNH moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike that defendant's amended answer and affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff. MNH also moved to substitute the respondent as the plaintiff. The defendant opposed the motion. In an order dated May 25, 2016, the Supreme Court granted the motion. The respondent subsequently moved, among other things, for a judgment of foreclosure and sale and to confirm the referee's report. In an order and judgment of foreclosure and sale, the court, among other things, granted the motion in its entirety, and the defendant appeals.
As an initial matter, contrary to the respondent's contention, the appeal from the order and judgment of foreclosure and sale should not be dismissed as untimely taken. The respondent did not move to dismiss the appeal on this ground, and the record does not establish that the time within which to take an appeal from the order and judgment expired before the defendant took her appeal (see CPLR 5513).
We agree with the Supreme Court's determination that the respondent, and its predecessor-in-interest, had standing to foreclose. A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Bank of Am., N.A. v Tobing, 163 AD3d 518, 519; US Bank N.A. v Cohen, 156 AD3d 844, 845-846; U.S. Bank, N.A. v Noble, 144 AD3d 786, 787). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). "Transfer of an instrument vests in the transferee such rights as the transferor has therein" (UCC 3-201[1]). Contrary to the defendant's contention, the consolidated note and the consolidated mortgage had been transferred to CitiMortgage, Inc. (hereinafter CitiMortgage), by a written assignment of the consolidated note by the consolidated loan's originator prior to CitiMortgage's endorsement of the consolidated note to MNH. Accordingly, CitiMortgage's endorsement to MNH, and MNH's subsequent endorsement to the respondent, were valid (see UCC 3-201[2]). Further, the respondent's submission of copies of the written assignment to CitiMortgage and the allonges bearing the two endorsements was sufficient to establish, prima facie, MNH's standing to commence, and the respondent's standing to maintain, the action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362). In opposition, the defendant failed to raise a triable issue of fact.
The respondent was not required to prove its standing to enforce either note #1 or note #2. By executing the CEMA, the defendant agreed that the consolidated note "will supersede all terms, covenants, and provisions of [notes #1 and #2]," and agreed "to be bound by the terms set forth in the Consolidated Mortgage which [would] supersede all terms, covenants, and provisions of [mortgages #1 and 2]." Accordingly, MNH and the respondent were obligated only to prove that they were holders of the consolidated note by physical possession or written assignment, not that they were holders of either of the notes later consolidated into, and superseded by, the consolidated note. For the same reason, the issue of the allegedly erroneous satisfaction of note #1 is academic.
However, reversal is required in light of the respondent's failure to establish strict compliance with the 90-day notice requirement of RPAPL 1304. "[P]roper service of RPAPL 1304 [*3]notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050; CitiMortgage, Inc. v Pappas, 147 AD3d 900, 901). "The statute requires that such notice . . . be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016 [internal quotation marks omitted]; see RPAPL 1304[2]; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050).
There is no merit to the respondent's contention that its predecessor-in-interest, MNH, was not subject to the requirements of RPAPL 1304 because the defendant had filed for Chapter 7 bankruptcy protection prior to commencement of the action. RPAPL 1304(3) provides that "[t]he ninety day period specified in the notices contained in subdivisions one and one-a of this section shall not apply, or shall cease to apply, if the borrower has filed [an application for the adjustment of debts of the borrower or an order for relief from the payment of debts]." In 2016, the Legislature added the following sentence to RPAPL 1304(3): "Nothing herein shall relieve the lender, assignee or mortgage loan servicer of the obligation to send such notices, which notices shall be a condition precedent to commencing a foreclosure proceeding." The respondent argues that, pursuant to the statute as it existed at the relevant time, no notice was required under RPAPL 1304 where, as here, a defendant had previously filed for bankruptcy. We disagree, as the amendment simply clarified that RPAPL 1304(3), which provided, even before the amendment, that "the ninety-day period specified in the notices . . . shall not apply" (emphasis added), was never meant to relieve the plaintiff of the obligation to send the notice prior to commencing the foreclosure action, but only of the 90-day requirement (see US Bank N.A. v Lawson,___ AD3d ___, 2019 NY Slip Op 02140 [2d Dept 2019]; Deutsche Bank Trust Co. Ams. v Danna, ___ Misc 3d ___ [A], 2018 NY Slip Op 32605[U], *3 [Sup Ct, Suffolk County 2018]). Accordingly, the defendant's prior bankruptcy filing did not relieve the respondent's predecessor-in-interest of the obligation to comply with RPAPL 1304 notice requirements, or the respondent of the obligation to establish, prima facie, its predecessor-in-interest's strict compliance with those requirements.
The respondent, which submitted only a copy of the required notice, and did not submit any evidence that the notice was mailed in the manner required by the statute, failed to meet its prima facie burden with respect to the notice requirements of RPAPL 1304. Specifically, the respondent did not submit "an affidavit of service, [or] proof of mailing by the post office evincing that it properly served the defendant pursuant to RPAPL 1304 [by registered or certified mail and also by first-class mail to his last known address]" (CitiMortgage, Inc. v Pappas, 147 AD3d at 901 [citations omitted]), or "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016; see Deutsche Bank Natl. Trust Co. v Heitner, 165 AD3d 1038). Thus, the respondent failed to demonstrate that it strictly complied with the requirements of RPAPL 1304, "notwithstanding the . . . 20-digit number on the top of the letter" (Deutsche Bank Natl. Trust Co. v Heitner, 165 AD3d at 1039). Since the respondent failed to establish that it strictly complied with RPAPL 1304, the Supreme Court should have denied those branches of the respondent's motion which were for summary judgment on the complaint, to strike the defendant's amended answer and affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff, and those branches of its separate motion which were to confirm the report of the referee and for a judgment of foreclosure and sale, regardless of the sufficiency of the opposing papers (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; see also U.S. Bank N.A. v Henderson, 163 AD3d 601, 603; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049).
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court