Everbank v Greisman (2020 NY Slip Op 01048)





Everbank v Greisman


2020 NY Slip Op 01048


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2017-04144
 (Index No. 13438/12)

[*1]Everbank, respondent, 
v
Abraham Greisman, et al., defendants, Sterna Greisman, appellant.


Law Office of Samuel Katz, PLLC, Brooklyn, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan and Gregg Verrilli of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sterna Greisman appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 7, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sterna Greisman, to strike her answer, and for an order of reference are denied.
The plaintiff commenced this action against the defendant Sterna Greisman (hereinafter the defendant), among others, to foreclose a mortgage. The defendant interposed an answer. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion, arguing, among other things, that the plaintiff failed to establish its compliance with RPAPL 1304. The Supreme Court granted the motion. The defendant appeals.
To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684; Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). "Furthermore, in a residential foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304"' (U.S. Bank N.A. v Henderson, 163 AD3d 601, 602, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower . . . " (RPAPL 1304[1]). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower [*2](see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Citimortgage, Inc. v Pappas, 147 AD3d 900, 901; Deutsche Bank National Trust Co. v Spanos, 102 AD3d 909, 910).
By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513; Citibank, N.A v Conti-Scheurer, 172 AD3d 17, 20-21).
Here, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304. In support of its motion, the plaintiff submitted the affidavit of Kindra Denny, an "AVP" for Green Tree Servicing, LLC (hereinafter Green Tree), attorney-in-fact for the plaintiff, along with copies of a 90-day notice addressed to the defendant. However, the notice, which was printed on the letterhead of an entity other than the plaintiff, contained no indication as to whether it was mailed to the defendant by registered or certified mail, or by first-class mail (see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658). Moreover, Denny did not claim in her affidavit that she personally mailed the notice to the defendant and did not aver that she was familiar with the mailing practices and procedures of the entity that purportedly sent the notice (see Central Mtge. Co. v Canas, 173 AD3d 967, 969; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; LNV Corp. v Sofer, 171 AD3d 1033, 1037). Contrary to the plaintiff's contention, a certified mail return receipt and a proof of filing statement pursuant to RPAPL 1306 were improperly submitted for the first time with the plaintiff's reply papers (see GMP Fur Trade Fin., LLC v Brenner, 169 AD3d 649, 651; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 620).
Since the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, the Supreme Court should have denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; U.S. Bank N.A. v Ismail, 170 AD3d 1066, 1068).
The defendant's remaining contentions are improperly raised for the first time on appeal (see Bank of Am., N.A. v Cudjoe, 157 AD3d 653, 654; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007) and, in any event, need not be reached in light of our determination.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court