JPMorgan Chase Bank, N.A. v Nellis (2020 NY Slip Op 02621)





JPMorgan Chase Bank, N.A. v Nellis


2020 NY Slip Op 02621


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-04429 
2018-04808
 (Index No. 4054/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Elida Nellis, appellant, et al., defendants. (Appeal No. 1)
U.S. Bank Trust, N.A., etc., respondent,
v
Elida Nellis, appellant, et al., defendants. (Appeal No. 2)


Holly C. Meyer, Bohemia, NY, for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek and Richard Femano of counsel), for respondent in Appeal No. 1 and respondent in Appeal No. 2.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elida Nellis appeals from a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated February 2, 2017, and a judgment of foreclosure and sale of the same court entered February 28, 2018. The judgment of foreclosure and sale, upon an order of the same court entered February 23, 2017, inter alia, granting those branches of the motion of JPMorgan Chase Bank, National Association, which were for summary judgment on the complaint insofar as asserted against that defendant and to appoint a referee to ascertain and compute the amount due to it, and upon an order of the same court entered February 28, 2018, among other things, granting the motion of U.S. Bank Trust, N.A., for a judgment of foreclosure and sale, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the motion of JPMorgan Chase Bank, National Association, which were for summary judgment on the complaint insofar as asserted against the defendant Elida Nellis and to appoint a referee to ascertain and compute the amount due to it are denied, the motion of U.S. Bank Trust, N.A., for a judgment of foreclosure and sale is denied as academic, and the orders entered February 23, 2017, and February 28, 2018, respectively, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
JPMorgan Chase Bank, National Association (hereinafter the plaintiff), commenced this mortgage foreclosure action against, among others, the defendant Elida Nellis (hereinafter the [*2]defendant). The defendant interposed an answer in which she asserted various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304 and with a condition precedent in the subject mortgage requiring the plaintiff to send notice of default prior to accelerating the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to appoint a referee to ascertain and compute the amount due to it, and to substitute U.S. Bank Trust, N.A., as the plaintiff in the action. In an order entered February 23, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Thereafter, U.S. Bank Trust, N.A., moved for a judgment of foreclosure and sale. In an order entered February 28, 2018, the court, inter alia, granted that motion. In a judgment of foreclosure and sale, also entered February 28, 2018, the court confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
" [P]roper service of RPAPL 1304 notice on the borrower . . . is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663; see RPAPL 1304[2]). " Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank, N.A. v Ahmed, 174 AD3d at 663, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to establish, prima facie, that it complied with the requirements of RPAPL 1304 (see Citimortgage, Inc. v Succes, 170 AD3d 946, 947-948; Fifth Third Mtge. Co. v Seminario, 168 AD3d 1041, 1042-1043). Contrary to the plaintiff's contention, its submission of an affidavit of an employee of the loan servicer was not sufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304. The affiant did not aver that he had personal knowledge of the purported mailings, that he was familiar with the mailing practices and procedures of the plaintiff, which allegedly sent the notice, or that the plaintiff's records had been incorporated into the records of the loan servicer and were routinely relied upon by the loan servicer in its business (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; Fifth Third Mtge. Co. v Seminario, 168 AD3d at 1042-1043; Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 832; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 493). Further, the plaintiff's submission of an affidavit of its own employee was insufficient to establish the plaintiff's strict compliance with RPAPL 1304, since that employee had no personal knowledge of the purported mailings, and his unsubstantiated and conclusory statements failed to establish that the notice was mailed to the defendant not only by certified or registered mail, but also by first-class mail (see Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1129; Central Mtge. Co. v Abraham, 150 AD3d 961, 962). Although the plaintiff submitted tracking information from the United States Postal Service for certified mailings of the notice, the redacted proof of first-class mailing did not contain any information linking a first-class mailing to the RPAPL 1304 notice, and thus, failed to establish that the notice was mailed by first-class mail (see U.S. Bank N.A. v Ahmed, 174 AD3d at 663; Citimortgage, Inc. v Succes, 170 AD3d at 948). Likewise, the plaintiff's submission of a "Proof of Filing" statement pursuant to RPAPL 1306 contained no information indicating that the mailing was done by both registered or certified mail and first-class mail as required by RPAPL 1304 (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892).
The plaintiff similarly failed to establish, prima facie, that it mailed a notice of default to the defendant by first-class mail as required by the terms of the mortgage as a condition precedent to acceleration of the loan (see U.S. Bank N.A. v Ahmed, 174 AD3d at 663-664; Emigrant Bank v Myers, 147 AD3d 1027, 1028).
Since the plaintiff failed to establish, prima facie, its compliance with the requirements of RPAPL 1304 and with a contractual condition precedent, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to ascertain and compute the amount due to the plaintiff, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court