H&R Block Bank, FSB v Liles (2020 NY Slip Op 04733)





H&R Block Bank, FSB v Liles


2020 NY Slip Op 04733


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-05477
2017-05480
2018-13030
 (Index No. 9502/13)

[*1]H & R Block Bank, FSB, respondent, 
v
Jon Liles, etc., appellant, et al., defendants. Kenneth C. Henry, Jr., P.C., Westbury, NY, for appellant.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Jason P. Dionisio and Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jon Liles appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 17, 2017, (2) an order of the same court, also entered March 17, 2017, and (3) a judgment of foreclosure and sale of the same court entered August 27, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jon Liles, to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief as the first order and appointed a referee to compute the amount due to the plaintiff. The judgment of foreclosure and sale, upon the orders entered March 17, 2017, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders entered March 17, 2017, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jon Liles, to strike that defendant's answer, and for an order of reference are denied, and the orders entered March 17, 2017, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jon Liles.
The appeals from the orders entered March 17, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In October 2006, the defendant Jon Liles (hereinafter the defendant) executed an [*2]adjustable rate note in the principal sum of $408,600 in favor of Option One Mortgage Corporation, a California Corporation (hereinafter Option One). The note was secured by a mortgage encumbering certain real property located in Levittown. In August 2013, H & R Block Bank, FSB (hereinafter H & R Block), commenced this action to foreclose the mortgage, alleging, among other things, that the defendant defaulted under the terms of the note and mortgage, and that it had complied with RPAPL 1304. H & R Block attached to the complaint a copy of the underlying note, to which was annexed an allonge bearing an endorsement in blank by Option One. The defendant interposed an answer denying the allegation in the complaint regarding compliance with RPAPL 1304 and asserting as affirmative defenses, among others, noncompliance with that statute and lack of standing. Thereafter, H & R Block assigned the mortgage to HRB Mortgage Holdings, LLC.
In December 2016, H & R Block moved for, among other relief, summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In relevant part, H & R Block maintained that it had complied with the notice requirements of RPAPL 1304, and submitted an affidavit from Courtney Mahdak, a document execution specialist employed by Nationstar Mortgage, LLC—H & R Block's loan servicer—along with copies of the 90-day notices addressed to the defendant, in support. The defendant opposed the motion, arguing, among other things, that H & R Block's submissions failed to establish, prima facie, its strict compliance with RPAPL 1304. In an order entered March 17, 2017, the Supreme Court granted H & R Block's motion. In a second order also entered March 17, 2017, the court granted the same relief and appointed a referee to compute the amount due to the plaintiff. Thereafter, in a judgment of foreclosure and sale entered August 27, 2018, upon the orders entered March 17, 2017, the court confirmed the referee's report and directed the sale of the property. The defendant appeals.
As a threshold matter, H & R Block contends that the statutory defense created by RPAPL 1302(2) for noncompliance with RPAPL 1304 applies only "to an action to foreclose a mortgage for a high-cost home loan or subprime home loan" (RPAPL 1302[2]), and that the subject loan was neither a "high-cost home loan," as such term was defined under Banking Law § 6-l at the time the loan was issued, nor a "subprime home loan" under Banking Law § 6-m (see former Banking Law § 6-l[1][e][i], as amended by L 2008, ch 472, § 4; Banking Law § 6-m; see generally Lewis v Wells Fargo Bank, N.A., 134 AD3d 777, 778-779; Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1171). Thus, H & R Block contends that the defendant "may not raise a purported violation of RPAPL . . .1304 compliance as a defense to the case at bar." Contrary to the defendant's contention, although this argument is raised for the first time on appeal, it may be reached because it involves a question of law that is apparent on the face of this record and could not have been avoided by the Supreme Court if it had been brought to its attention (see Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d 1138, 1140-1141; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824; cf. Bear Stern Asset-Backed Sec. I Trust 2006-IMI v Ceesay, 180 AD3d 504; U.S. Bank N.A. v Beymer, 161 AD3d 543, 543-544). However, this contention is without merit (see JPMorgan Chase Bank, N.A. v Williams, 170 AD3d 1142, 1143; Citimortgage, Inc. v Espinal, 134 AD3d 876, 879).
When RPAPL 1304 was initially enacted, it "applied only to high-cost,' subprime,' and nontraditional' home loans," but was subsequently amended by the Legislature, effective January 14, 2010, "by deleting all references to high-cost, subprime, and non-traditional home loans" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 105; see L 2008, ch 472, § 2; L 2008, ch 472, § 28). "In its current form, RPAPL 1304 is applicable to any home loan,' as defined in subdivision [6(a)] of that section" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 104; see RPAPL 1304[6][a]; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911). Although RPAPL 1302 was not amended, and continues to provide that a violation of RPAPL 1304 is a defense in foreclosure actions involving "high-cost" or "subprime" home loans, RPAPL 1304 explicitly provides that, "[n]otwithstanding any other provision of law, with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1] [emphasis added]; see RPAPL 1302[2]). RPAPL 1304 "contains specific, mandatory language in keeping with the underlying purpose of [the [*3]Home Equity Theft Protection Act (see Real Property Law§ 265-a)] to afford greater protections for homeowners confronted with foreclosure," "[its] title[ ] contain[s] the word required,'" and its "content, timing, and service provisions . . . are very specific and couched in mandatory language" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 103-104).
Thus, this Court has repeatedly held that "[p]roper service of RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action pertaining to the loans specified therein" (Aurora Loan Servs., LLC v Komarovsky, 151 AD3d 924, 927 [emphasis added]; see PennyMac Corp. v Arora, 184 AD3d 652, 654; Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106), and that "the plaintiff has the burden of establishing satisfaction of this condition" (USBank N.A. v Haliotis, _____ AD3d _____, _____, 2020 NY Slip Op 03819, *2 [2d Dept] [internal quotation marks omitted]; JPMorgan Chase Bank, N.A. v Nellis, 183 AD3d 583, 584 [internal quotation marks omitted]; Everbank v Greisman, 180 AD3d 758, 760 [internal quotation marks omitted]; HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 669 [internal quotation marks omitted]; U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091 [internal quotation marks omitted]). This Court has further held in cases commenced after the amendment to RPAPL 1304 that a defense based on noncompliance with that statute "could be raised at any time," without regard to whether or not the loan at issue was a "high-cost" or "subprime" home loan (Citimortgage, Inc. v Espinal, 134 AD3d at 879; see Nationstar Mtge., LLC v Matles, _____ AD3d _____, _____, 2020 NY Slip Op 03793, *2 [2d Dept]; Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 720; Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 837; Bank of N.Y. Mellon v Weber, 169 AD3d 981, 985). Furthermore, in determining whether the requirements of RPAPL 1304 are applicable, this Court has examined whether the loan at issue qualifies as a "home loan" within the meaning of RPAPL 1304, irrespective of RPAPL 1302(2) (see RPAPL 1304[6][a]; Deutsche Bank Natl. Trust Co. v Crimi, _____ AD3d _____, _____, 2020 NY Slip Op 03376, *2 [2d Dept]; Vanderbilt Mtge. & Fin., Inc. v Ammon, 179 AD3d at 1141; U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 985; Citibank, N.A. v Crick, 176 AD3d 776, 777-778; JPMorgan Chase Bank, N.A. v Williams, 170 AD3d at 1143; US Bank N.A. v Richard, 151 AD3d 1001, 1003; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 911). We decline to construe RPAPL 1302(2) in a manner that would render the amendment to RPAPL 1304 superfluous and the requirements set forth in that statute ineffective. Thus, contrary to H & R Block's contention, compliance with RPAPL 1304 was a component of its prima facie burden on its motion for summary judgment (see Nationstar Mtge., LLC v Matles, _____ AD3d at _____, 2020 NY Slip Op 03793, *2; Everbank v Greisman, 180 AD3d 758; U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1135; KeyBank N.A. v Barrett, 178 AD3d 800, 800-801; HSBC Bank USA, N.A. v Bermudez, 175 AD3d at 669 cf. Nationstar Mtge., LLC v Tamargo, 177 AD3d 750, 752; Bank of Am., N.A. v Cord, 168 AD3d 896, 899).
Turning to the merits, we disagree with the Supreme Court's determination that H & R Block established, prima facie, its strict compliance with RPAPL 1304. Although Mahdak stated in her affidavit that the notices were sent to the defendant at his last known address and the subject property, Mahdak did not have personal knowledge of the mailing, and H & R Block failed to provide any documents to prove that the notices were actually mailed (see JPMorgan Chase Bank, N.A. v Nellis, 183 AD3d 583; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1518). H & R Block also failed to submit a copy of any United States Post Office document indicating that the notices were sent by registered or certified mail as required by the statute (see HSBC Bank USA, N.A. v Sawh, 177 AD3d 959, 961). Furthermore, Mahdak did not aver that she was familiar with Nationstar's mailing practices and procedures, and therefore did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864; Everbank v Greisman, 180 AD3d 758; Citibank N.A. v Wood, 150 AD3d 813, 814; cf. HSBC Bank USA, N.A. v Bermudez, 175 AD3d at 670). Accordingly, the court should have denied those branches of H & R Block's motion which was for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
The defendant's remaining contention need not be reached in light of [*4]our determination.
DILLON, J.P., COHEN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court