Citibank, N.A. v Yanling Wu

2026 NY Slip Op 02101

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Citibank, N.A., etc., respondent,

v

Yanling Wu, etc., et al., appellants, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-05339, 2024-05705, (Index No. 710351/16)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Lester Korinman Kamran Masini, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for appellants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendants Yanling Wu and Perry Sing appeal from (1) a decision of the Supreme Court, Queens County (Denis Butler, J.), entered March 27, 2024, and (2) an order of the same court (Claudia Lanzetta, J.) entered June 26, 2024. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Yanling Wu and Perry Sing, to strike their answer, and for an order of reference and denied those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.

ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (JPMorgan Chase Bank, N.A. v Nellis, 183 AD3d 583); and it is further,

ORDERED that the order is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Yanling Wu and Perry Sing, to strike their answer, and for an order of reference are denied, and those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them is granted; and it is further,

ORDERED that one bill of costs is awarded to the defendants Yanling Wu and Perry Sing.

On December 13, 2006, the defendant Yanling Wu executed a note in the sum of $580,000, which was secured by a mortgage executed by Wu and the defendant Perry Sing (hereinafter together the defendants) on certain real property located in Bayside. In August 2016, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer. On a prior appeal, this Court reversed an order and judgment of foreclosure and sale, denied those branches of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied the plaintiff's separate prior motion to confirm a referee's report [*2]and for a judgment of foreclosure and sale on the ground that, although the plaintiff had demonstrated, prima facie, its standing and compliance with RPAPL 1303, it had failed to sustain its initial burden of demonstrating that the defendants defaulted in the repayment of the note (see Citibank, N.A. v Yanling Wu, 199 AD3d 48).

Thereafter, in October 2023, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304. The plaintiff opposed the cross-motion. In an order entered June 26, 2024, upon a decision entered March 27, 2024, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.

RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see HSBC Bank USA, N.A. v Stein, 241 AD3d 661).

Contrary to the plaintiff's contention, the defendants did not waive the defense of failure to comply with RPAPL 1304, as "'failure to comply with RPAPL 1304 is a defense that may be raised at any time prior to the entry of judgment of foreclosure and sale'" (Citimortgage, Inc. v Dente, 200 AD3d 1025, 1027, quoting U.S. Bank N.A. v Krakoff, 199 AD3d 859, 862). Here, the defense was raised before the entry of a judgment of foreclosure and sale (see U.S. Bank N.A. v Valencia, 219 AD3d 890, 892; U.S. Bank N.A. v Krakoff, 199 AD3d at 862). In opposition to the defendants' prima facie showing that the plaintiff failed to strictly comply with the service requirements of RPAPL 1304, the plaintiff failed to raise a triable issue of fact. Although the plaintiff demonstrated that RPAPL 1304 notices were mailed to the defendants, the plaintiff failed to show that it sent RPAPL 1304 notices addressed individually to each of the defendants as required by the statute (see HSBC Bank USA, N.A. v Stein, 241 AD3d 661; Deutsche Bank Natl. Trust Co. v Loayza, 204 AD3d 753, 755). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference and granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them (see Capital One, N.A. v Hunter, 236 AD3d 980, 982).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court