U.S. Bank N.A. v Herzberg (2020 NY Slip Op 01201)





U.S. Bank N.A. v Herzberg


2020 NY Slip Op 01201


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2018-10557
 (Index No. 70882/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Jeffrey Herzberg, appellant, et al., defendant.


Jeffrey Herzberg, P.C., Hauppauge, NY, appellant pro se.
Shapiro, DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Brenda Beauchamp Ward], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jeffrey Herzberg appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated June 1, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jeffrey Herzberg, to strike that defendant's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jeffrey Herzberg, to strike that defendant's answer, and for an order of reference are denied.
In December 2014, the plaintiff commenced this mortgage foreclosure action against the defendant Jeffrey Herzberg (hereinafter the defendant) and others, alleging, inter alia, that the defendant had defaulted in making the monthly payments due under the subject mortgage. The defendant interposed an answer and raised affirmative defenses, including failure to comply with RPAPL 1304 notice requirements. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In an order dated June 1, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals.
Proper service of the RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The statute requires that such notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and, if different, to the residence that is the subject of the mortgage (see RPAPL 1304[2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Here, the plaintiff failed to submit an affidavit of service or any evidence of mailing by the post office demonstrating that it properly served the defendant pursuant to the terms of RPAPL 1304 (see U.S. Bank N.A. v Cope, 175 AD3d 527, 529; U.S. Bank N.A. v Henry, 157 AD3d 839, 841). Contrary to the plaintiff's contention, the affidavit of a representative of its loan servicer was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304, as the representative did not provide evidence "of a standard office mailing procedure designed to ensure that items are properly addressed and mailed" (Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17), and provided no independent evidence of the actual mailing (see U.S. Bank N.A. v Cope, 175 AD3d at 529-530). Accordingly, since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, we need not reach the defendant's remaining contention.
MASTRO, J.P., LEVENTHAL, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court