Ditech Fin., LLC v Rapuzzi (2020 NY Slip Op 05489)





Ditech Fin., LLC v Rapuzzi


2020 NY Slip Op 05489


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-11313
 (Index No. 506351/18)

[*1]Ditech Financial, LLC, respondent,
v
George Rapuzzi, appellant, et al., defendants.


Thaniel J. Beinert, Brooklyn, NY (Jimmy Wagner of counsel), for appellant.
Knuckles Komosinski & Manfro LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant George Rapuzzi appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 25, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint, respectively, for lack of standing and as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant George Rapuzzi (hereinafter the defendant) executed a note promising to repay a loan in the amount of $356,000, which was secured by a mortgage on real property located in Brooklyn. On March 29, 2018, the plaintiff commenced this foreclosure action against the defendant, among others, attaching to the complaint a lost note affidavit and purported copy of the original note. The defendant moved, inter alia, pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint, respectively, for lack of standing and as time-barred. The Supreme Court denied those branches of the motion, and the defendant appeals.
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see U.S. Bank N.A. v Clement, 163 AD3d 742, 743). Here, the defendant failed to meet that burden. While the plaintiff's lost note affidavit was vague and conclusory, and did not provide sufficient facts as to the loss of and search for the note (see Wells Fargo Bank, N.A. v Meisels, 177 AD3d 812, 815), the defendant failed to affirmatively demonstrate that the plaintiff was not the holder of the note at the commencement of the action (see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60).
Furthermore, the defendant failed to demonstrate, prima facie, that the action was barred by the statute of limitations. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). When a mortgage payable in installments is accelerated, the statute of limitations begins to run, at that point, on the entire debt (see Bank of N.Y. Mellon v Yacoob, 182 AD3d 566). Here, the complaint in a prior action to foreclose the instant mortgage exercised the lender's option to accelerate the loan. However, that prior action was commenced less [*2]than six years prior to the commencement of the instant action. Therefore, on this record, the defendant failed to demonstrate, prima facie, that the instant action was time-barred.
Accordingly, we agree with the Supreme Court's determination to deny those branches of the defendant's motion which were to dismiss the complaint, respectively, for lack of standing and as time-barred.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court