Wells Fargo Bank, N.A. v Shteynberg (2020 NY Slip Op 05796)





Wells Fargo Bank, N.A. v Shteynberg


2020 NY Slip Op 05796


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-05851
 (Index No. 135537/15)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Evelina Shteynberg, et al., appellants, et al., defendants.


Vax Law, P.C., Brooklyn, NY (Andrei A. Popescu of counsel), for appellants.
Greenberg Traurig, LLP, New York, NY (Patrick G. Broderick of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Evelina Shteynberg and Michael Shteynberg appeal from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated April 11, 2018. The order granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against those defendants and denied those defendants' cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants Evelina Shteynberg and Michael Shteynberg, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs payable by the plaintiff to the appellants.
The plaintiff commenced this action against the defendants Evelina Shteynberg and Michael Shteynberg (hereinafter together the defendants) to foreclose a mortgage on real property located on Staten Island. The defendants interposed an answer in which they raised various affirmative defenses, including lack of standing and failure to comply with the notice requirements of RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and the defendants cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated April 11, 2018, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants and denied the defendants' cross motion. The defendants appeal.
Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[1], [2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone [*2]with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Here, the plaintiff did not submit an affidavit of service or any evidence of mailing by the post office (see U.S. Bank, N.A. v Herzberg, 180 AD3d 952, 953-954; PennyMac Corp. v Khan, 178 AD3d 1064, 1066). Contrary to the plaintiff's contention, the affidavit of a representative of its loan servicer was insufficient to establish that the notice was mailed in the manner required by RPAPL 1304, as the representative did not attest to "a standard office mailing procedure designed to ensure that items are properly addressed and mailed" or that any such standard practice was followed here (see U.S. Bank, N.A. v Herzberg, 180 AD3d at 954; PennyMac Corp. v Khan, 178 AD3d at 1066). Accordingly, the plaintiff failed to demonstrate, prima facie, that it complied with RPAPL 1304.
In addition, where, as in this case, the plaintiff's standing has been placed in issue by reason of the defendant's answer, the plaintiff additionally must prove its standing as part of its prima facie showing (see U.S. Bank N.A. v Seeley, 177 AD3d 933, 934; Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 651). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or the assignee of the underlying note" (U.S. Bank N.A. v Seeley, 177 AD3d at 935; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362).
In the instant case, the plaintiff admitted that the original note had been lost. "A plaintiff seeking to recover upon a lost note must provide 'due proof' of [its] ownership of the note, the facts which prevent production of the note, and the note's terms" (U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1014, quoting UCC 3-804). Here, the plaintiff failed to provide such proof on its motion. A lost note affidavit it submitted from a representative of its servicer was not in admissible form, as the affiant did not aver that the facts set forth in the affidavit were based upon her personal knowledge, and she failed to demonstrate the admissibility of records she relied upon under the business records exception to the hearsay rule (see CPLR 4518[a]; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700). Moreover, the plaintiff's submissions failed to demonstrate, prima facie, its ownership of the note (see U.S. Bank Trust, N.A. v Rose, 176 AD3d at 1015).
Accordingly, since the plaintiff failed to meet its prima facie burden of demonstrating its compliance with RPAPL 1304 and its standing to foreclose, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants.
However, the defendants were not entitled to summary judgment dismissing the complaint insofar as asserted against them as they failed to affirmatively demonstrate, as a matter of law, either that the plaintiff failed to comply with RPAPL 1304 or that it lacked standing (see U.S. Bank N.A. v Hoffman, 186 AD3d 776; U.S. Bank Trust, N.A. v Rose, 176 AD3d at 1015). Thus, we agree with the Supreme Court's determination denying the defendants' cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court