Ridgewood Sav. Bank v Van Amerongen (2020 NY Slip Op 08095)





Ridgewood Sav. Bank v Van Amerongen


2020 NY Slip Op 08095


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-00697
 (Index No. 11775/13)

[*1]Ridgewood Savings Bank, respondent,
v
Robert Van Amerongen, appellant, et al., defendants.


Hanna & Vlahakis, Brooklyn, NY (Mark Hanna of counsel), for appellant.
Cullen and Dykman LLP, Garden City, NY (Cecilia R. Ehresman and Marianne McCarthy of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert Van Amerongen appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 3, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Robert Amerongen, and denied that branch of the cross motion of that defendant which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Robert Van Amerongen, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendant Robert Van Amerongen.
The plaintiff commenced this action against the defendant Robert Van Amerongen (hereinafter the defendant), among others, to foreclose a mortgage on real property located in Woodmere. After the defendant answered the complaint, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the plaintiff's motion and cross-moved, among other things, in effect, for summary judgment dismissing the complaint insofar as asserted against him, arguing, inter alia, that the plaintiff failed to comply with the notice requirements of RPAPL 1304. In an order entered November 3, 2016, the Supreme Court granted that branch of the plaintiff's motion and denied that branch of the defendant's cross motion. The defendant appeals.
Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[1], [2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Here, the plaintiff failed to demonstrate, prima facie, that it complied with RPAPL 1304. Contrary to the plaintiff's contention, the affidavit of an employee of its loan servicer was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL [*2]1304. The affiant did not aver that he had personal knowledge of the purported mailings, or that he was familiar with the mailing practices and procedures of the plaintiff, which allegedly sent the notice (see JPMorgan Chase Bank, N.A. v Nellis, 183 AD3d 583, 585; U.S. Bank N.A. v Herzberg, 180 AD3d 952, 954; PennyMac Corp. v Khan, 178 AD3d 1064, 1066). In addition, the plaintiff's submission of an affidavit of its own employee was similarly insufficient to establish the plaintiff's strict compliance with RPAPL 1304, since the employee had no personal knowledge of the purported mailings and he did not attest to a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see Wells Fargo Bank, N.A. v Shteynberg, 187 AD3d 967, 968; JPMorgan Chase Bank, N.A. v Nellis, 183 AD3d at 585). Further, the plaintiff failed to submit sufficient proof of the actual mailings of the notices by first-class mail (see U.S. Bank N.A. v Villatoro, 186 AD3d 777; M & T Bank v Barter, 186 AD3d 698; Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 867; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1518). Accordingly, the Supreme Court should not have granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
However, the defendant was not entitled to summary judgment dismissing the complaint insofar as asserted against him since he failed to affirmatively demonstrate, as a matter of law, that the plaintiff failed to comply with RPAPL 1304 or that it lacked standing (see U.S. Bank N.A. v Hoffman, 186 AD3d 776; U.S. Bank Trust, N.A. v Rose, 176 AD3d 1012, 1015). Thus, we agree with the Supreme Court's determination denying that branch of the defendant's cross motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against him.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court