U.S. Bank Trust, N.A. v Rahmaan (2022 NY Slip Op 06024)

U.S. Bank Trust, N.A. v Rahmaan

2022 NY Slip Op 06024

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-12862
 (Index No. 700246/14)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Farah Rahmaan, etc., et al., defendants, Queens USA III Realty, Inc., appellant.

Avi Rosenfeld, Lawrence, NY, for appellant.
Stein Wiener & Roth, LLP, Carle Place, NY (Robert Sambursky of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Queens USA III Realty, Inc., appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered September 4, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the motion of Freedom Mortgage Corporation, the plaintiff's predecessor in interest, which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In January 2012, the defendant Farah Rahmaan executed a note in the sum of $271,927, which was secured by a mortgage on certain real property located in Queens. By deed dated October 4, 2013, Rahmaan conveyed the property to the defendant Queens USA III Realty, Inc. (hereinafter Queens USA). In January 2014, Freedom Mortgage Corporation (hereinafter Freedom Mortgage) commenced this action to foreclose the mortgage, alleging that Rahmaan had defaulted on the obligations under the note and mortgage by failing to make the monthly payment due on August 1, 2012, and that no subsequent payments had been made. Queens USA interposed an answer, in which it asserted various affirmative defenses. Thereafter, the mortgage was assigned to U.S. Bank Trust, N.A. (hereinafter U.S. Bank).
In an order dated March 7, 2018, the Supreme Court granted Freedom Mortgage's motion, inter alia, for summary judgment on the complaint insofar as asserted against Queens USA, to strike Queens USA's answer, and for an order of reference, and appointed a referee to compute the amount due to Freedom Mortgage.
In October 2018, Freedom Mortgage moved to confirm the referee's report, for a judgment of foreclosure and sale, and to amend the caption to substitute U.S. Bank as the plaintiff. In support of its motion, Freedom Mortgage submitted, among other things, the referee's report. Attached to the report was an affidavit of sums due from Kolette Modlin, an "Authorized Officer" [*2]of Caliber Home Loans, Inc. (hereinafter Caliber), U.S. Bank's loan servicer and purported attorney-in-fact. Queens USA opposed the motion. In an order and judgment of foreclosure and sale entered September 4, 2019, the Supreme Court granted Freedom Mortgage's motion, confirmed the referee's report, directed the sale of the subject property, and amended the caption to substitute U.S. Bank as the plaintiff. Queens USA appeals.
Contrary to Queens USA's contention, the failure of the referee to conduct a hearing does not require reversal in this matter, since Queens USA had the opportunity to submit relevant evidence to the Supreme Court (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 772; Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770).
Further, Queens USA's contention that Modlin's affidavit constituted inadmissible hearsay due to the failure to lay a proper foundation for the admission of the loan service records is improperly raised for the first time on appeal and has not been considered (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 761; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 202).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court