U.S. Bank N.A. v Marrero (2023 NY Slip Op 05530)

U.S. Bank N.A. v Marrero

2023 NY Slip Op 05530

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-01276
 (Index No. 36580/21)

[*1]U.S. Bank National Association, etc., respondent,
v
Robert W. Marrero, appellant, et al., defendants.

Robert W. Marrero, Spring Valley, NY, appellant pro se.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert W. Marrero appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated February 2, 2021. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Robert W. Marrero (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Spring Valley. In lieu of filing an answer, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, arguing that the action was barred by the statute of limitations, that the plaintiff lacked standing, as determined in a prior action to foreclose the same mortgage (hereinafter the 2008 action), and that the plaintiff failed to comply with RPAPL 1304. The plaintiff opposed the motion. By order dated February 2, 2021, the Supreme Court denied the motion and directed the defendant to file an answer within 20 days. The defendant appeals.
The Supreme Court properly determined that the defendant failed to establish that this action was barred by the statute of limitations. "In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the moving defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Schrull v Weis, 166 AD3d 829, 831 [internal quotation marks omitted]; see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 789).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Diji v Deutsche Bank Natl. Trust Co., 177 AD3d 675, 676, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "The acceleration of a mortgage debt may occur when the holder of the note [*2]commences an action to foreclose upon [the] note and mortgage and seeks, in the complaint, payment of the full balance due" (21st Mtge. Corp. v Balliraj, 177 AD3d 687, 688 [internal quotation marks omitted]). An acceleration of a mortgaged debt is only valid if the party making the acceleration had standing to do so at that time (see Mejias v Wells Fargo N.A., 186 AD3d 472, 474).
Here, the defendant failed to demonstrate that the debt was validly accelerated by the commencement of the 2008 action. The defendant failed to submit the complaint or notice of pendency filed in the prior action. Thus, it cannot be determined whether the mortgage debt was accelerated in those documents (see GSR Mtge. Loan Trust v Epstein, 205 AD3d 891). In any event, the defendant's submissions additionally demonstrated that the 2008 action was dismissed based on an expressed judicial determination that the plaintiff lacked standing (see CPLR 213[4][a]). Under such circumstances, any purported acceleration was a nullity, and the statute of limitations did not begin to run at that time (see Federal Natl. Mtge. Assn. v 4721 Ditmars Blvd, LLC, 196 AD3d 465, 466-467; cf. Bank of New York Mellon v Stewart, 216 AD3d 720).
The Supreme Court also properly determined that the defendant failed to establish the plaintiff's lack of standing. "On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Capital One, N.A. v Ludden, 192 AD3d 752, 753 [internal quotation marks omitted]; see Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 719). A plaintiff in a mortgage foreclosure action has standing when, at the time the action was commenced, it was either the holder or the assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 773-774 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174).
Here, in support of his motion, the defendant submitted a copy of the summons and complaint, to which the plaintiff annexed a copy of the note endorsed in blank by the original lender. Under the circumstances, the defendant failed to affirmatively demonstrate that the plaintiff was not the holder of the note at the time it commenced the instant action (see Ditech Fin., LLC v Rapuzzi, 187 AD3d 715, 715). Contrary to the defendant's contention, the doctrine of res judicata does not apply here, as the dismissal of the 2008 Action for lack of standing was not a dismissal on the merits for res judicata purposes (see BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 783).
The defendant also failed to meet his burden on his motion to establish that the plaintiff failed to comply with the requirements of RPAPL 1304. "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715). In this case, the defendant failed to meet his burden, as he did not annex copies of the subject 90-day notices to his motion. In any event, the defendant's bare allegation that the plaintiff failed to comply with the statute, without more, as set forth in the defendant's affidavit, was insufficient to meet his burden (see LNV Corp. v Allison, 206 AD3d 710, 713; Christiana Trust v Moneta, 186 AD3d 1604, 1607).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court