Bank of N.Y. Mellon v Tedeschi (2025 NY Slip Op 03991)

Bank of N.Y. Mellon v Tedeschi

2025 NY Slip Op 03991

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-03429
 (Index No. 609964/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Susan M. Tedeschi, etc., et al., appellants, et al., defendants.

Christopher Thompson (McKinley Law, P.C., Lloyd Harbor, NY [Shannon C. McKinley], of counsel), for appellants.
Roach & Lin, P.C., Syosset, NY (Edward Rugino of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Susan M. Tedeschi and James A. Tedeschi appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated March 18, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of the default in payment of the defendants Susan M. Tedeschi and James A. Tedeschi and to strike those defendants' sixteenth, nineteenth, and twenty-first affirmative defenses, and denied those defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were to strike the nineteenth and twenty-first affirmative defenses of the defendants Susan M. Tedeschi and James A. Tedeschi, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In September 2015, the plaintiff commenced this action against the defendants Susan M. Tedeschi and James A. Tedeschi (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Suffolk County. The defendants interposed an answer in which they asserted various affirmative defenses and counterclaims. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their affirmative defenses, and for an order of reference. The defendants opposed the motion and cross-moved pursuant to CPLR 3211(a)(3) and (7) to dismiss the complaint insofar as asserted against them for lack of standing. In an order dated March 18, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the issue of the defendants' default in payment and to strike their sixteenth, nineteenth, and twenty-first affirmative defenses alleging, respectively, failure to comply with RPAPL 1304, violations of the Truth-in-Lending Act (hereinafter TILA), and violations of RPAPL 1302 and Banking Law §§ 6-l and 6-m, and denied the defendants' cross-motion. The defendants appeal.
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack [*2]of standing as a matter of law" (Capital One, N.A. v Ludden, 192 AD3d 752, 753 [internal quotation marks omitted]). Here, the defendants failed to meet that burden. "While the plaintiff's lost note affidavit was vague and conclusory, and did not provide sufficient facts as to the loss of and search for the note, the defendant[s] failed to affirmatively demonstrate that the plaintiff was not the holder of the note at the commencement of the action" (Ditech Fin. LLC v Rapuzzi, 187 AD3d 715, 715 [citation omitted]; see Wells Fargo Bank, N.A. v Shteynberg, 187 AD3d 967, 969). Accordingly, the Supreme Court properly denied the defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them for lack of standing.
The plaintiff established, prima facie, the defendants' default in payment. "A plaintiff may establish a payment default by an admission made in response to a notice to admit, by an affidavit from a person having [personal] knowledge of the facts, or by other evidence in admissible form" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208 [citations and internal quotation marks omitted]). Here, the plaintiff submitted an affidavit of Teresa H. Hubner, an employee of the plaintiff's servicer and attorney-in-fact, Newrez, LLC, formerly known as New Penn Financial, LLC, doing business as Shellpoint Mortgage Servicing (hereinafter Shellpoint). Contrary to the defendants' contention, although Shellpoint was not the servicer at the time of the default, Hubner provided a proper foundation for the admission of the prior servicer's records by attesting that those records were "incorporated into and made part of Shellpoint's business records during the course of Shellpoint's regular business activity." In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact. The defendants' contention that the loan payment history annexed to Hubner's affidavit was incomplete is improperly raised for the first time on appeal (see U.S. Bank N.A. v Sallie, 215 AD3d 714, 716; U.S. Bank Trust, N.A. v Rahmaan, 209 AD3d 1053, 1054). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of the defendants' default in payment.
There is no merit to the defendants' contention that the plaintiff violated the "separate envelope" requirement of RPAPL 1304(2). The "separate envelope" mandate of RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice." Here, the additional notice included with the RPAPL 1304 mailing "further[ed] the statutory purpose" by clarifying what the RPAPL 1304 notice was, and the defendants do not allege that the information was "false, misleading, obfuscatory, or unrelated" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326-328; see Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 435). Accordingly, the plaintiff established, prima facie, that the additional information did not constitute an "other . . . notice" for purposes of RPAPL 1304(2) (Bank of Am., N.A. v Kessler, 39 NY3d at 324 [internal quotation marks omitted]; see Bank of Am., N.A. v Gonzalez, 219 AD3d at 435). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the defendants' sixteenth affirmative defense.
However, the Supreme Court erred in granting those branches of the plaintiff's motion which were to strike the defendants' nineteenth and twenty-first affirmative defenses, alleging, respectively, violations of TILA and violations of RPAPL 1302 and Banking Law § 6-l and 6-m. With respect to those affirmative defenses, the plaintiff, as the movant, had the initial burden of demonstrating its entitlement to judgment as a matter of law "by tendering sufficient evidence demonstrating the absence of material issues as to [the applicability of, or] its compliance . . . with," those statutes (Emigrant Bank v Brown, 175 AD3d 1488, 1489-1490 [internal quotation marks omitted]; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The plaintiff failed to do so. "Instead, in support of its motion, the plaintiff submitted no documentation on the issue[s] and failed even to address the issue[s] in its attorney's affirmation and affidavits in support of its motion" (Emigrant Bank v Brown, 175 AD3d at 1490). Accordingly, since the plaintiff failed to meet its prima facie burden, the court should have denied those branches of the plaintiff's motion which were to strike the defendants' nineteenth and twenty-first affirmative defenses, regardless of the sufficiency of the defendants' opposition papers (see CPLR 3212[b]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Emigrant Bank v Brown, 175 AD3d at 1490).
The parties' remaining contentions either are not properly before this Court or have [*3]been rendered academic in light of our determination.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court