U.S. Bank Trust, N.A. v RE STT, LLC (2025 NY Slip Op 04809)

U.S. Bank Trust, N.A. v RE STT, LLC

2025 NY Slip Op 04809

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2024-02393
 (Index No. 509619/23)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
RE STT, LLC, appellant, et al., defendants.

Charles R. Cuneo, P.C., Huntington, NY, for appellant.
Day Pitney LLP, New York, NY (Alfred W. J. Marks and Michael L. Fialkoff of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant RE STT, LLC, appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 12, 2023. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant RE STT, LLC, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred is granted.
In June 2007, Richard Crecco executed a note secured by a mortgage on certain real property located in Brooklyn. Crecco died in March 2012, and letters testamentary were issued to Albert F. Ciancimino. Ciancimino died on February 2, 2014. On April 17, 2014, Green Tree Servicing, LLC, then the holder of the note and mortgage, elected to accelerate the entire mortgage debt and commenced an action to foreclose the mortgage against, among others, Ciancimino, as executor of Crecco's estate (hereinafter the 2014 foreclosure action). The defendant RE STT, LLC (hereinafter RE STT), acquired an interest in the property and moved to for leave to intervene in the 2014 foreclosure action. In an order dated August 16, 2022, the Supreme Court, inter alia, denied RE STT's motion and directed dismissal of the 2014 foreclosure action as a legal nullity on the ground that it was brought against Ciancimino after his death.
On or about March 29, 2023, the plaintiff commenced this action against RE STT, among others, to foreclose the mortgage. RE STT moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In opposition, the plaintiff contended that this action was timely commenced because the statute of limitations was tolled pursuant to CPLR 204(a) by the deaths of Crecco and Ciancimino and the plaintiff was entitled to the benefit of the savings provision of CPLR 205(a). In the order appealed from, the Supreme Court, among other things, denied RE STT's motion on the ground that the statute of limitations was tolled pursuant to CPLR 204(a) and this action was timely. RE STT appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see id. § 213[4]). Once a mortgage debt is accelerated, the entire amount is due and the statute of [*2]limitations begins to run on the entire debt (see Deutsche Bank Natl. Trust Co. v Rivera, 200 AD3d 1006, 1007; HSBC Bank USA, N.A. v Michael, 191 AD3d 850, 851). Here, the plaintiff does not dispute that RE STT established that the six-year statute of limitations began to run on April 17, 2014. Since this action was commenced more than six years later, RE STT met its initial burden of establishing, prima facie, that this action was time-barred (see Islandcap, LLC v Cohen, 230 AD3d 660, 662; U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834, 835). The burden then shifted to the plaintiff "to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Kaul v Brooklyn Friends Sch., 220 AD3d 939, 941 [internal quotation marks omitted]; see U.S. Bank N.A. v Marrero, 221 AD3d 631, 632). The plaintiff failed to meet this burden.
Contrary to the determination of the Supreme Court, the plaintiff failed to establish or raise a triable issue of fact as to whether the statute of limitations was tolled pursuant to CPLR 204(a). That statute provides that "[w]here the commencement of an action has been stayed by a court or statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced" (id.). The plaintiff failed to identify any court order or statute that stayed commencement of this action. The plaintiff's reliance on CPLR 1015 and the attendant stay of an action following the death of a party (see Stancu v Cheon Hyang Oh, 74 AD3d 1322, 1322-1323) is misplaced, as neither Crecco nor Ciancimino was a party to the 2014 foreclosure action (see Sokoloff v Schor, 176 AD3d 120, 134; see also Butler v Russo, 226 AD3d 858, 859; Hussain v Chain, 217 AD3d 929, 930-931).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted RE STT's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court