Bank of Am., N.A. v Gonzalez (2023 NY Slip Op 04098)

Bank of Am., N.A. v Gonzalez

2023 NY Slip Op 04098

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-00508
 (Index No. 1592/18)

[*1]Bank of America, N.A., respondent, 
v
Jose Gonzalez, etc., appellant, et al., defendants.

Jose Gonzalez, Newburgh, NY, appellant pro se.
LOGS Legal Group LLC, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jose Gonzalez appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), entered November 20, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated May 20, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jose Gonzalez and for an order of reference and denying that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him, among other things, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Orange County, for a new report computing the amount due to the plaintiff in accordance herewith.
The plaintiff commenced this action against the defendant Jose Gonzalez (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Newburgh. The defendant interposed an answer with various affirmative defenses and counterclaims. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated May 20, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion, denied the defendant's cross-motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. By order and judgment of foreclosure and sale entered November 20, 2019, the Supreme Court, inter alia, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
Contrary to the defendant's contention, the plaintiff, in support of its motion for [*2]summary judgment, demonstrated, prima facie, that it complied with the mailing requirements of RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). Proof of mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that the items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff established that the notice required by RPAPL 1304 was sent to the defendant in the prescribed manner by submitting the affidavit of an employee of the plaintiff's loan servicer, who had knowledge of the loan servicer's standard office procedures for mailing RPAPL 1304 notices and described those notices, and, by reference to business records annexed to the affidavit, which confirmed that those procedures were adhered to in this case (see U.S. Bank N.A. v Panzer, 189 AD3d 1109, 1110-1111; see also MTGLQ Invs., L.P. v Assim, 209 AD3d 1006, 1008; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786). In opposition, the defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to raise a triable issue of fact (see Nationstar Mtge., LLC v LaPorte, 162 AD3d at 786).
The Supreme Court also properly rejected the defendant's contention that the plaintiff violated the "separate envelope" requirement of RPAPL 1304(2). The "separate envelope" mandate of RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice." Here, the RPAPL 1304 notice that was sent to the defendant contained additional information on a separate page, which continued a few lines onto a second page. The page is entitled "Important Disclosures," and includes short paragraphs on each of the following topics: "Verbal Inquiries and Complaints," "Important Bankruptcy Notice," "Credit Reporting," "Mini Miranda," "HUD Counselor Information," "Equal Credit Opportunity Act Notice," "SCRA Disclosure"/"Military Personnel/Servicemembers," and "Notices of Error and Information Requests, Qualified Written Requests." The second page lists the collection agency's license numbers with the New York City Department of Consumer Affairs Debt Collection Agency, the City of Buffalo, and the City of Yonkers, and includes a notice for New York residents regarding their ability to file complaints with the New York State Department of Financial Services.
The additional notices included with the RPAPL 1304 mailing "further the statutory purpose by informing certain borrowers of additional protections they may have beyond those identified in the statutory notice language" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326-327), and the defendant does not allege that the information is "false, misleading, obfuscatory, or unrelated" (id. at 328). Accordingly, the plaintiff established, prima facie, that the additional information did not constitute an "other . . . notice" for purposes of RPAPL 1304(2) (see Bank of Am., N.A. v Kessler, 39 NY3d at 324; U.S. Bank N.A. v Cambardella, 214 AD3d 925, 927). In opposition, the defendant failed to raise a triable issue of fact. For the same reasons, the defendant failed to meet his prima facie burden on his cross-motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to comply with the "separate envelope" provision of RPAPL 1304(2) (see Bank of Am., N.A. v Kessler, 39 NY3d at 328; U.S. Bank N.A. v Cambardella, 214 AD3d at 928).
However, the Supreme Court erred in granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768). Here, the affidavit of merit of an employee of the plaintiff's loan servicer constituted inadmissible hearsay and lacked probative value because the affiant did not produce any of the business records that she purportedly relied upon in making her calculations (see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209). Under the circumstances, the referee's findings [*3]with respect to the total amount due upon the mortgage loan were not substantially supported by the record (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Bank of N.Y. Mellon v Davis, 193 AD3d 803, 804; Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 688-689).
Accordingly, the Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and we remit the matter to the Supreme Court, Orange County, for a new report computing the amount due to the plaintiff in accordance herewith.
The parties' remaining contentions are without merit.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court