HSBC Bank USA, N.A. v Berry (2025 NY Slip Op 04769)

HSBC Bank USA, N.A. v Berry

2025 NY Slip Op 04769

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-08598
 (Index No. 511412/15)

[*1]HSBC Bank USA, N.A., etc., appellant,
v
Novlette Berry, respondent, et al., defendants.

Greenberg Traurig, LLP, Garden City, NY (Ryan Sirianni of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated September 8, 2022. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Novlette Berry which was for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross-motion of the defendant Novlette Berry which was for summary judgment dismissing the complaint insofar as asserted against her is denied.
The plaintiff commenced this action against the defendant Novlette Berry (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff's 90-day notices improperly included additional material in violation of RPAPL 1304(2). In an order dated September 8, 2022, the Supreme Court, inter alia, granted that branch of the defendant's cross-motion. The plaintiff appeals.
"The 'separate envelope' mandate of RPAPL 1304(2) provides that '[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice'" (Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 434). Here, in support of her cross-motion, the defendant presented evidence that the 90-day notices included an additional statement, in bold letters, at the bottom of each page, indicating that the notice was "AN ATTEMPT TO COLLECT A DEBT" and that "ANY INFORMATION OBTAINED . . . WILL BE USED FOR THAT PURPOSE," as well as a consumer notice pursuant to 15 USC § 1692g. However, the subject language does not constitute an "other mailing or notice" in violation of the separate envelope mandate of RPAPL 1304(2). The additional material consisted of "accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 326; see PNC Bank, N.A. v Mone, 231 AD3d 977, 978; Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 740).
Accordingly, the Supreme Court should have denied that branch of the defendant's [*2]cross-motion which was for summary judgment dismissing the complaint insofar as asserted against her.
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court