Deutsche Bank Natl. Trust Co. v Clark (2026 NY Slip Op 01034)

Deutsche Bank Natl. Trust Co. v Clark

2026 NY Slip Op 01034

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-00043
 (Index No. 19199/11)

[*1]Deutsche Bank National Trust Company, etc., respondent,
vCarrie Clark, et al., defendants, Peter Strugatz, appellant.

Ronald D. Weiss, P.C., Melville, NY, for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Peter Strugatz appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), entered November 1, 2022. The order and judgment of foreclosure and sale, after a nonjury trial on the issue of the plaintiff's compliance with RPAPL 1304, and upon an order of the same court dated October 24, 2022, inter alia, granting those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denying those branches of that defendant's cross-motion which were to dismiss the complaint insofar as asserted against him and to toll the accrual of interest on the subject mortgage loan, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In May 2005, the defendants Peter Strugatz and Carrie Clark executed a note in the amount of $742,500 in favor of New Century Mortgage Corporation (hereinafter New Century). The note was secured by a mortgage on certain real property located in East Hampton. In June 2011, the plaintiff, the successor in interest to New Century, commenced this action to foreclose the mortgage. In an order dated June 27, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were to restore the action to the active calendar and for summary judgment dismissing Strugatz's affirmative defenses except for the eleventh affirmative defense, alleging the plaintiff's failure to comply with RPAPL 1304, and denied that branch of Strugatz's motion which was to dismiss the complaint insofar as asserted against him for lack of prosecution and abandonment.
In an order dated May 3, 2018 (hereinafter the May 2018 order), the Supreme Court, inter alia, denied those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against Strugatz and dismissing Strugatz's eleventh affirmative defense and for an order of reference and denied Strugatz's cross-motion to dismiss the complaint insofar as asserted against him based upon the plaintiff's failure to comply with RPAPL 1304. Strugatz appealed from so much of the May 2018 order as denied his cross-motion. In a decision and order dated October 28, 2020, this Court affirmed the May 2018 order insofar as appealed from [*2](see Deutsche Bank Natl. Trust Co. v Clark, 187 AD3d 1142, 1143).
Following a nonjury trial on the issue of the plaintiff's compliance with RPAPL 1304, the Supreme Court found that the plaintiff complied with RPAPL 1304, and in an order dated September 3, 2019 (hereinafter the September 2019 order), the court appointed a referee to compute the amount due.
On March 2, 2022, a referee issued his oath and a report. In March 2022, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. Strugatz opposed the motion and cross-moved, inter alia, to dismiss the complaint insofar as asserted against him based upon the plaintiff's failure to comply with RPAPL 1304(2) and to toll the accrual of interest on the subject mortgage loan. The plaintiff opposed Strugatz's cross-motion. In an order dated October 24, 2022 (hereinafter the October 2022 order), the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied those branches of the defendant's cross-motion. In an order and judgment of foreclosure and sale entered November 1, 2022, the court, upon the October 2022 order, inter alia, directed the sale of the property. Strugatz appeals.
Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see U.S. Bank Trust, N.A. v Longo, 227 AD3d 1122, 1123). Here, after the nonjury trial, the Supreme Court found that the plaintiff established its compliance with RPAPL 1304 and appointed a referee to compute the amount due. The doctrine of law of the case precluded the court from reconsidering that issue in opposition to the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (see U.S. Bank Trust, N.A. v Longo, 227 AD3d at 1123; U.S. Bank N.A. v Ramanababu, 202 AD3d 1139, 1142).
This Court is not bound by the law of the case doctrine and may consider Strugatz's contention, since the Supreme Court's determination after the nonjury trial is brought up for review on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1], [c]; U.S. Bank Trust, N.A. v Longo, 227 AD3d at 1123). However, Strugatz's contention is without merit. In Bank of Am., N.A. v Kessler (39 NY3d 317), the Court of Appeals held that accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure do not constitute an "other notice" that must be sent in a separate envelope (see id. at 326-328; Wells Fargo Bank, N.A. v Smart, 234 AD3d 1016, 1018). The Court of Appeals held that RPAPL 1304 does not prohibit the inclusion of additional information in the envelope that may help borrowers to avoid foreclosure and is not obfuscatory, false, misleading, or unrelated (see Bank of Am., N.A. v Kessler, 39 NY3d at 326-328).
Here, the RPAPL 1304 notice contained additional information on a separate page. The page contained short paragraphs on each of the following topics: "Credit Reporting," "Mini Miranda," "HUD Statement," and "Equal Credit Opportunity Act Notice." "The additional notices included with the RPAPL 1304 mailing 'further the statutory purpose by informing certain borrowers of additional protections they may have beyond those identified in the statutory notice language'" (Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 435, quoting Bank of Am., N.A. v Kessler, 39 NY3d at 326-327; see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 740). In addition, Strugatz does not explain how the additional information is "false, misleading, obfuscatory, or unrelated" (see Bank of Am., N.A. v Kessler, 39 NY3d at 328; Bank of Am., N.A. v Gonzalez, 219 AD3d at 435). Accordingly, we agree with the Supreme Court's finding, after the nonjury trial, that the plaintiff complied with RPAPL 1304.
"'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Wells Fargo Bank, N.A. v O'Brien, 234 AD3d 730, 731, quoting Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394). "'Once equity is invoked, the court's power is as broad as equity and justice require'" (Wells Fargo Bank, N.A. v O'Brien, 234 AD3d at 731, quoting Onewest Bank, FSB v Kaur, 172 AD3d at 1394). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular [*3]facts in each case, including any wrongful conduct by either party'" (id.; see CPLR 5001[a]). "'Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action'" (Deutsche Bank Trust Co. Ams. v Knights, 231 AD3d 1016, 1018, quoting GMAC Mtge., LLC v Yun, 206 AD3d 798, 798-799). Based on the circumstances of this case, the Supreme Court correctly denied that branch of Strugatz's cross-motion which was to toll the accrual of interest on the mortgage loan based upon a purported improper delay by the plaintiff in prosecuting this action. The record reflects that the delays in this action were not solely attributable to the plaintiff and that the delays that were attributable to the plaintiff were not so egregious as to warrant the tolling of the accrual of interest on the mortgage loan (see U.S. Bank N.A. v Mahram, 230 AD3d 1265, 1266).
"A referee's report should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility" (Wells Fargo Bank, N.A. v O'Brien, 234 AD3d 730, 731). Here, the referee's report relied on an affidavit of merit and amounts due by Elizabeth Corral, the Default Fulfillment Manager of Carrington Mortgage Services, LLC (hereinafter Carrington), the plaintiff's loan servicer. Contrary to Strugatz's contention, Corral averred that a copy of Carrington's business records showing the delinquency date and amount due was attached to her affidavit as Exhibit A. Contrary to Strugatz's further contention, in her affidavit, Corral properly averred that to the extent the business records relied on were created by prior holders or servicers of the loan, those records had been integrated into Carrington's business records and kept and relied upon as part of a routine and regular business practice and in the ordinary course of Carrington's business (see U.S. Bank N.A. v Haber, 230 AD3d 530, 533). Finally, Strugatz's contention that the business records attached to Corral's affidavit are illegible is improperly raised for the first time on appeal (see Deutsche Bank Natl. Trust Co. v Fresh, 224 AD3d 405, 406).
The Supreme Court has the authority to appoint a referee to compute and report the amount due under a mortgage loan (see RPAPL 1321[1]; U.S. Bank v Mahram, 230 AD3d 1265). "An order of reference 'may specify or limit the powers of the referee and the time for the filing of his [or her] report and may fix a time and place for the hearing'" (U.S. Bank v Mahram, 230 AD3d 1266, quoting CPLR 4311). In cases involving orders of reference to report, the court is the ultimate arbiter of the dispute and has the power to reject the referee's report and to make new findings (see CPLR 4403; U.S. Bank v Mahram, 230 AD3d 1265). Here, the September 2019 order appointing a referee to compute the amount due specifically directed that there shall be no hearing to compute the amounts due to the plaintiff without further application to the court (see CPLR 4313; U.S. Bank Trust, N.A. v Aulder, 219 AD3d 666, 668; cf. Wells Fargo Bank, N.A. v Yesmin, 186 AD3d 1761, 1763). Strugatz was not prejudiced by the referee's failure to hold a hearing since, in opposing the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, Strugatz had an opportunity to raise questions and to submit evidence directly to the court, which could be considered by the court in determining whether to confirm the referee's report (see U.S. Bank Trust, N.A. v Aulder, 219 AD3d at 668). Accordingly, the court properly granted that branch of the plaintiff's motion which was to confirm the referee's report.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court