| LaSalle Bank N.A. v Khanom |
|:---:|
| 2026 NY Slip Op 30897(U) |
| March 13, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 33618/2006 |
| Judge: Carolyn Walker-Diallo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP4, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse at 320 Jay Street, Brooklyn, New York on the 13th day of March 2026.

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.

-------------------------------------------------------------------- X

LASALLE BANK N.A.,

               Plaintiff,

      - against -

SAIMA KHANOM, et al.,

               Defendants.

-------------------------------------------------------------------- X

Index No.: 33618/2006

**<u>DECISION AND ORDER</u>**

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of these

Motions:

| Papers | Numbered |
|---|---|
| Motion, Affirmations in Support, and Exhibits | NYSCEF Doc. Nos. 59-73 |
| Affirmation in Opposition | NYSCEF Doc. Nos. 90-101[1] |
| Affirmation in Reply | NYSCEF Doc. Nos. 103-110 |
| Motion, Affirmation in Support, and Exhibit | NYSCEF Doc. Nos. 113-115 |
| Affirmation in Opposition | NYSCEF Doc. Nos. 118-128 |
| Affirmation in Reply | NYSCEF Doc. No. 131 |
| Supplemental Affirmation in Reply | NYSCEF Doc. Nos. 136-138 |

Motion Sequence #9 & 10

Upon the foregoing cited papers, the Decision/Order on these Motions is as follows:

Plaintiff moves for an order: (1) granting default judgment and an order of reference; and

(2) amending the caption. Saima Khanom, Lily Begum, and the John Doe defendants (collectively

"Defendants") move for an order pursuant to CPLR 3025, 3212, and 3215, dismissing the action,

---

[1] Defendants' amended affirmation in opposition supersedes the affirmation in opposition filed as NYSCEF Doc. Nos. 77-88.

1

[* 1]

or in the alternative, granting leave to serve and file an amended answer and to move for summary judgment, and for tolling of interest. Both sides submit opposition and reply papers. For the foregoing reasons, Plaintiff's motion is DENIED and Defendants' motion is GRANTED to the extent that interest will be tolled for Plaintiff's delays in prosecuting this matter and is otherwise DENIED.

## PROCEDURAL HISTORY

This action was commenced on November 3, 2006, to foreclose a mortgage executed by Defendant Saima Khanom ("Defendant Khanom") against the premises at 75 Nichols Avenue, Brooklyn, New York 11208. Defendant Lily Begum ("Defendant Begum") was also named a party as record owner of the subject premises.

On February 1, 2007, Plaintiff filed an ex parte application for default judgment and an order of reference that the court did not consider. *See* Kings County Clerk's Minutes. Thereafter, by motion dated August 18, 2008, Plaintiff moved for the same relief. *Id*. On October 7, 2008, Defendants' counsel, Wilfred A. Callender, filed a Notice of Appearance on behalf of Defendant Khanom. *Id*. On December 5, 2008, Defendants moved for summary judgment. *Id*. On February 10, 2009, Defendants filed an answer, which was rejected by Plaintiff as untimely. *Id*. The parties were then referred for settlement conferences. On December 19, 2009, Plaintiff withdrew its motion for default judgment and an order of reference. *Id*. Defendant Khanom moved by order to show cause on January 8, 2010, to substitute Aubrey A. Rogers as counsel, which the court did not consider. *Id*. Michele Hauser then filed a Substitution of Attorney on behalf of Defendant Khanom on January 24, 2014, which was cosigned only by Defendant Khanom's alleged agent. *Id*.

Thereafter, on May 12, 2014, the court entered a conditional order of dismissal pursuant to CPLR 3216, and the action was dismissed on July 24, 2014 for non-compliance with the order. *Id*.

2

On October 23, 2014, Plaintiff moved to vacate the dismissal and restore the action, which was granted by order of the Honorable Francois A. Rivera dated January 13, 2015. *Id.* The order also directed Plaintiff to submit affidavits explaining the delay in prosecuting the matter. Defendants opposed the motion. On April 30, 2015, the Honorable Francois A. Rivera dismissed the action for Plaintiff's failure to explain the eight-year delay in prosecution. *Id.* Plaintiff moved again for the same relief on June 23, 2015, which was denied on August 11, 2015, for failure to attach a copy of the dismissal order.

On June 9, 2017, Plaintiff moved a third time for the same relief. *Id.* By orders dated July 14, 2017 and October 3, 2017, the court ordered that Defendant be served a copy of the papers. *Id.* On December 19, 2017, the Honorable Francois A. Rivera again denied the motion for failure to attach a copy of the dismissal order. *Id.* Plaintiff then moved for this relief for the fourth and fifth times on May 22, 2019 and December 16, 2019. Both motions were marked off for failure to appear on the return dates. The action was then converted to e-filing. However, Defendants' attorney, Michele Hauser, only opted into NYSCEF service on May 7, 2024.

Plaintiff then moved for a sixth time for this relief on June 4, 2021. *See* Motion to Vacate Dismissal and Restore to Calendar dated June 4, 2021, NYSCEF Doc. No. 2. On November 18, 2022, the Honorable Francois A. Rivera issued an order directing Plaintiff to submit legible copies of all orders. *See* Order of the Hon. Francois A. Rivera dated November 18, 2022, NYSCEF Doc. No. 24. There is no indication that the motion and order were served on Defendants' attorney. By order dated July 27, 2023, the court then directed Plaintiff to submit supplemental papers itemizing the orders. *See* Order of the Hon. Francois A. Rivera dated July 27, 2023, NYSCEF Doc. No. 34. There is no indication that the order was served on Defendants' attorney. Finally, on November 8, 2023, the Honorable Francois A. Rivera granted Plaintiff's motion to restore the action, vacated

3

[* 3]

the dismissal order, and restored the notices of pendency. *See* Order of the Hon. Francois A. Rivera dated November 8, 2023, NYSCEF Doc. No. 53. Plaintiff served the notice of entry of this order on Defendants' attorney and Defendant Begum. *See* Notice of Entry dated November 16, 2023, NYSCEF Doc. No. 56. The instant motion follows.

## DISCUSSION

I.      <u>Plaintiff's Motion for Default Judgment and an Order of Reference is DENIED.</u>

It is well established that "[i]n a residential mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default." *Onewest Bank v. Wellington Roy Mahoney*, 154 A.D.3d 770, 771 (2d Dep't 2017); *Loancare v. Firshing*, 130 A.D.3d 787 (2d Dep't 2015). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable." *Clarke v. Liberty Mut. Fire Ins. Co.*, 150 A.D.3d 1192, 1194 (2d Dep't 2017).

Further, "[w]here, as here, a foreclosure complaint is not verified, CPLR 3215 (f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit 'made by the party.'" *HSBC Bank USA, N.A. v. Betts*, 67 A.D.3d 735, 736 (2d Dep't 2009). "In this regard, it should be kept in mind that a court does not have a mandatory, ministerial duty to grant a motion for leave to enter a default judgment, and retains the discretionary obligation to determine whether the movant has met the burden of stating a viable cause of action." *Paulus v. Christopher Vacirca, Inc.*, 128 A.D.3d 116, 126 (2d Dep't 2015).

"'Upon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or

4

[* 4]

joined in the action' (CPLR 1018). 'A motion for substitution may be made by the successors or representatives of a party or by any party' (CPLR 1021)." *U.S. Bank, N.A. v. Duran*, 174 A.D.3d 768, 769 (2d Dep't 2019), citing CPLR 1018 and 1021.

Here, Plaintiff's assertion that U.S. Bank should be substituted as the plaintiff in this action as successor-in-interest is unsupported as it is premised upon assignment of the mortgage and alleged evidence of possession of the note. While Plaintiff's proffered records provide that the mortgage was assigned from Bank of America to U.S. Bank, there is no evidence that the note itself was transferred and that U.S. Bank is in possession. Therefore, the assignment is of no import. *See U.S. Bank N.A. v. Dellarmo*, 94 A.D.3d 746 (2d Dep't 2012).

Regarding the alleged note possession, Plaintiff's affiant, Juliana Thurab of PHH Mortgage Corporation ("PHH"), states "to date, Plaintiff has maintained possession of the original Note since it was physically delivered on March 25, 2004, including the date of commencement of the action on November 3, 2006. A true and correct copy of the original Note and Plaintiff's business records, confirming possession and delivery, are annexed hereto as Exhibit 'B.'" The proffered record contains the following entries: "10/27/23: Please provide the date the original note was received by the plaintiff/custodian? Where was the note on 11.3.2006? Where is the note today, 10.27.2023?" and "10/30/23: Per review of Deutsche Bank, the custodian's company records, the original note was transferred in on 3/25/2004. Deutsche Bank had possession of the original note on 11/3/2006. Per PHH records, PHH received the original note on 10/03/2015. PHH returned the original note to Deutsche Bank on 03/02/2021, Deutsche Bank had possession of the original note on 10/27/2023, the collateral file including the original note is currently held at Deutsche Bank National Trust Company." Affirmation of Indebtedness of Juliana Thurab ("Thurab Aff."), dated

5

February 6, 2024, Task Notes Printout, NYSCEF Doc. No. 61 at 1-2, 22. Following this entry, an address is provided. *Id.*

"[T]o establish a foundation for the admission of a business record, the proponent of the record must satisfy the requirements identified in the statute (*see* CPLR 4518[a]). First, the proponent must establish that the record be made in the regular course of business—essentially, that it reflect a routine, regularly conducted business activity, and that it be needed and relied on in the performance of functions of the business. Second, the proponent must also demonstrate that it be the regular course of such business to make the record . . . essentially, that the record be made pursuant to established procedures for the routine, habitual, systematic making of such a record. Third, the proponent must establish that the record be made at or about the time of the event being recorded—essentially, that recollection be fairly accurate and the habit or routine of making the entries assured." *Bank of N.Y. Mellon v. Gordon*, 171 A.D.3d 197, 205 (2d Dep't 2019) (Internal quotations and citations omitted).

Further, "[a]lthough [t]he foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business, it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted. Accordingly, [e]vidence of the contents of business records is admissible only where the records themselves are introduced. Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay." *Id*. at 205-206 (Internal quotations and citations omitted).

Here, Ms. Thurab's statements and the proffered record are inadmissible hearsay and lack probative value. First, Ms. Thurab's statements are contradictory. She provides that Plaintiff is in possession of the note in her affirmation. *See* Thurab Aff., NYSCEF Doc. No. 61 at 1-2. However,

6

[* 6]

the proffered record provides that Deutsche Bank holds the note. *See* Task Notes Printout, NYSCEF Doc. No. 61 at 22. No custodial agreement or other evidence is provided to demonstrate any relationship between the entities here and Deutsche Bank. Second, the record annexed as the Task Notes merely memorializes hearsay assertions from October 2023. The entrant(s) of the records are not identified, and the information inputted appears to have been based on records not provided. Third, no foundation is provided for the records referenced. Fourth, the records appear to have been created solely in anticipation of litigation. *See 76-82 St. Marks, LLC v. Gluck*, 147 A.D.3d 1011, 1013 (2d Dep't 2017), citing CPLR 4518 (a) ("the plaintiff failed to make a prima facie case regarding its damages, since the summary chart of charges and payments made under the lease was prepared solely in anticipation of litigation and should not have been received in evidence, and the plaintiff failed to provide any underlying documents to establish the proper charges and payments made").

Finally, Ms. Thurab insufficiently substantiates her authority to act on behalf of Plaintiff or U.S. Bank. Ms. Thurab is employed by PHH, "as servicer for Plaintiff as assignee of Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee as assignee of LaSalle Bank National Association, as Trustee." *See* Thurab Aff., NYSCEF Doc. No. 61. As Plaintiff's agent, PHH must provide its authority to act on Plaintiff's behalf. *See Citibank v. Herman*, 215 A.D.3d 629 (2d Dep't 2023). A copy of a Limited Power of Attorney between PHH and U.S. Bank is annexed to Plaintiff's motion papers in support. *See* Limited Power of Attorney, NYSCEF Doc. No. 61 at 62. However, the Limited Power of Attorney provides that this is in connection to "relating servicing agreements," which are not annexed to the motion papers. Therefore, Plaintiff and U.S. Bank fail to demonstrate the facts constituting the claim as required by CPLR 3215 (f). Resultingly, the Affirmation of Indebtedness cannot be considered.

7

[* 7]

Nor can the underlying records annexed in support of Plaintiff's prima facie burden be considered. *See U.S. Bank N.A. v. Tesoriero*, 204 A.D.3d 1066, 1068 (2d Dep't 2022) ("The limited power of attorney submitted . . . restricted and conditioned its authority based on the terms of other agreements which were not provided by the plaintiff. Thus, the limited power of attorney was insufficient to demonstrate that Nationstar possessed the authority to act on behalf of the plaintiff").

For the foregoing reasons, Plaintiff fails to establish its entitlement to judgment, substitution of U.S. Bank in this action as the plaintiff, and U.S. Bank's authority to intervene here. *See Citimortgage, Inc. v. Bredehorn*, 160 A.D.3d 803, 804 (2d Dep't 2018) ("The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion . . . to amend the caption by substituting FNMA as the plaintiff . . . Although the plaintiff submitted evidence that the mortgage was assigned to FNMA, there was no evidence in admissible form of an assignment of the note or a transfer of possession of the note to FNMA"). Thus, Plaintiff's motion is DENIED.

## II.     Defendants' Motion is GRANTED in Part and DENIED in Part.

Defendants are correct that Plaintiff's protracted delays in prosecution render this action subject to tolling of interest. Defendants unquestionably request this relief in the motion papers, though such relief is not specified in the notice of motion. "It does not matter how a motion is titled by an attorney. What matters is what the motion actually is in substance." *Citibank, N.A. v. Kerszko*, 203 A.D.3d 42, 55 (2d Dep't 2022). Accordingly, this Court deems Defendants' motion as one seeking to toll interest.

"A foreclosure action is equitable in nature and triggers the equitable powers of the court. Once equity is invoked, the court's power is as broad as equity and justice require. In an action of

8

[* 8]

an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party. Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action." *Deutsche Bank Natl. Trust Co. v. Clark*, 2026 NY Slip Op 01034 (2d Dep't 2026) (Internal quotations and citations omitted).

Here, Plaintiff was dilatory in prosecuting this action, which was commenced nearly 20 years ago. On its face, this action appears to be appropriate for tolling given the extensive procedural history. Contrary to Plaintiff's contention, Defendants are not precluded from challenging damages—here the amounts due—because of their default in answering or appearing. *See Paulus* at 128 A.D.3d 126. However, as the parties have not briefed the extent of the tolling of interest appropriate here, and the specific periods of time for which tolling is sought, further briefing is appropriate.

As to Defendants' request for dismissal and leave to amend their answer, this portion of the motion is denied. "A defendant in default is not entitled to affirmative relief of a non-jurisdictional nature absent vacatur[ ] of his or her default." *HSBC Bank USA, N.A. v. Saris*, 2025 NY Slip Op 07287 (2d Dep't 2025) (Internal quotation omitted). Here, Defendants do not dispute being in default status, and do not seek to vacate the default in timely appearing or answering. Additionally, the court already determined that the case was erroneously dismissed, which is the law of the case.

CONCLUSION

Accordingly, Plaintiff's motion is DENIED and Defendants' motion is GRANTED to the extent that interest will be tolled for Plaintiff's delays in prosecuting this matter and is otherwise DENIED. Within thirty (30) days of upload of this order to NYSCEF, Plaintiff and Defendants

9

shall submit supplemental affirmations addressing tolling of interest, including the specific periods of time for which interest should be tolled. To the extent that any relief requested was not addressed by the Court, it is hereby DENIED. Motion sequence 10 is adjourned for a status conference to be held on April 28, 2026. Plaintiff shall serve notice of entry within ten (10) days of the upload of the order to NYSCEF upon Defendants and all parties who have appeared in this action, with parties not participating in e-filing to be noticed via first-class mail.

This constitutes the Decision and Order of the Court.

ENTER:

_____

Hon. Carolyn Walker-Diallo, J.S.C.